UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT MINER and LAURIE MINER,

                              Appellants,

           -against-

BARRY MINES,

                             Appellee.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-03365 (JMA)

**APPEARANCES**

    Richard G. Gertler
    Peter Barbieri , Jr
    Gertler Law Group
    100 Jericho Quadrangle, Suite 300
    Jericho, NY 11753
    *Attorney for Appellants*

    Barry Mines
    24 Oak Meadow Road
    Commack, NY 11725
    *Pro Se*

**AZRACK, United States District Judge:**

Appellants Robert Miner and Laurie Miner ("Appellants" or the "Miners") appeal from a June 3, 2021 Decision of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In the bankruptcy proceeding, Appellants unsuccessfully sought a determination that a pre-petition arbitration award (the "Award") owed to them by Appellee-Debtor Barry Mines ("Appellee" or "Debtor") should not be discharged in Debtor's bankruptcy under Bankruptcy Rule 523(a)(2)(A). 11 U.S.C. § 523(a)(2)(A) ("Section 523"). (R. 250-268.) For the reasons set forth below, the Bankruptcy Decision is AFFIRMED in its entirety and Appellants' appeal is DISMISSED.

.

## I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal ("R." ECF No. 3), the filings in Appellants' bankruptcy proceeding, and the briefs filed by the parties in this case.

Appellee is the owner and operator of a boating enthusiast magazine company, Boating Times Long Island ("BTLI"). (R. 278.) Through BTLI, Appellee advertised commercial opportunities for others to create and operate a boating magazine in their local markets. (R. 278.) On or about October 29, 2014, Appellants entered into an operating agreement with Appellee to create Boating Times Chesapeake Bay ("BTCB"). (R. 103.) In March 2017, after a series of disputes, Appellants sent Appellee a Notice of Demand for Arbitration (the "Notice of Demand"). (R. 127-133.)

The Notice of Demand asserted certain claims against Appellee, namely for "[m]ultiple instances of violation of the Operating Agreement," (2) "[d]eception, fraud, fraud in the inducement, false pretense, and misrepresentation," and (3) "[p]unitive damages in the form of treble damages, attorneys' fees, and costs, as justified by [Appellee's] willful conduct." (R. 127.) Appellee filed a rebuttal denying these claims and asserted counterclaims against Appellants. (R. 134-138.)

Appellants' pre-hearing brief stated in the introduction that the arbitration claims were brought pursuant to the "Virginia Consumer Protection Act [("VCPA")], Va. Code Ann. § 59.1-198 (2016), Va. Code Ann. § 59.1-200 et seq. (2016), Va. Code Ann. § 59.1-204 (2016), and any other relevant authorities as deemed appropriate by the Arbitrator." (R. 149.) Appellants' pre-hearing brief also contained a section titled "Point V Respondent Has Exhibited a Continuous

Pattern of Fraud and Deception." (R. 159.) In this section, Appellants alleged that Appellee, <u>inter alia</u>, also violated the Virginia Retail Franchising Act, Va. Ann. Code § 13.1-559, by making misrepresentations about his company's business structure. (R. 159.) However, Appellants expressly stated that they were "not seeking adjudication of any violation of [this law]," but instead were "presenting proof of the violation" to establish a pattern of fraud and deception. (R. 159.)

In March 2018, the arbitration hearing was held, and the arbitrator found for the Appellants. (R. 102.) On or about December 19, 2018, Appellants sought and were granted a judgment by the Suffolk County Supreme Court in the sum of $162,448.37 (the "Judgment"), confirming the Award.[1]

On January 4, 2019, Appellee filed a petition for relief under Chapter 7 of the Bankruptcy Code. (Bankr. No. 8-19-70078, ECF No. 1.) On January 25, 2019, Appellants filed an adversary proceeding contending that the Award was non-dischargeable under Section 523 of the Bankruptcy Code, which excepts from discharge any debt obtained by false pretenses, a false representation, or actual fraud. (Bankr. No. 8-19-08019, ECF No. 1.)

On March 11, 2021, the parties agreed to an adjudication on the papers. (Bankr. No. 8-19-08019, ECF Nos. 25-26.) By Decision dated June 3, 2021, the Bankruptcy Court found that Appellants had not established by a preponderance of the evidence that their claim should be excepted from discharge pursuant to Section 523. On June 14, 2021, Appellants filed this instant appeal arguing that the Bankruptcy Court erred in not finding that the Award had collateral estoppel effect thereby preventing the discharge of the Award. (ECF No. 1.)

---

[1] The Court will refer only to the Award, recognizing that once the Award was confirmed by the state court and reduced to judgment, it should be treated as if it had been rendered by the state court. See <u>Citigroup v. Abu Dhabi Invest. Auth.</u>, 776 F.3d 126, 132 (2d Cir. 2015).

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Charter Commc'ns, Inc., 691 F. 3d 476, 483 (2d Cir. 2012). In addition, a district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." Wenegieme v. Macco, 580 B.R. 17, 21 (E.D.N.Y. 2018) (quoting In re Miller, Nos. 08-CV-4305, 08-CV-4306, 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009)); Bristol v. DeRosa, No. 09-CV-3730, 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010). Here, Appellants only raise issues of law which the Court reviews de novo. (Appellants' Br. at 2, ECF No. 5.)

### B. Analysis

Having carefully reviewed the Bankruptcy Court's conclusions of law de novo, this Court concludes that the Bankruptcy Court properly denied Appellants' motion.

First, the Court agrees with the Bankruptcy Court that Appellants failed to establish that collateral estoppel applied to the Award.[2] Under New York law, collateral estoppel bars re-litigation of an issue when (1) the "identical issue necessarily was decided in the action" and (2) the "party to be precluded from relitigating the issue had a full and fair opportunity to litigate the

---

[2] The Court applies New York law, because the state court judgment confirming the arbitration award was entered in the Supreme Court of Suffolk County. See Rupert v. Krautheimer (In re Krautheimer), 210 B.R. 37, 50 (Bankr. S.D.N.Y. 1997) (citing Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)).

4

issue in the prior action." Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006).  Collateral estoppel effect will "only be given to matters actually litigated and determined." Id.  Notably, if there is a reasonable doubt whether the earlier proceeding determined a particular issue, that doubt should be resolved against using the decision as an estoppel.  In re Cohen, 92 B.R. 54, 70–71 (Bankr. S.D.N.Y. 1988).

In this case, Appellants claim that the Award should be exempt from discharge under Section 523(a)(2)(A) because the Award included treble damages for certain unspecified violations of the VCPA.  (Appellants' Br. at 6.)  Appellants contend that, because an award of treble damages under the VCPA essentially requires proof of the same elements as a finding of fraud under Section 523(a)(2)(A), the Bankruptcy Court "necessarily decided" that Appellee had engaged in fraudulent conduct.  (Id. at 7.)  Therefore, Appellants argue, the Bankruptcy Court should have found that the Award had collateral estoppel effect in the bankruptcy proceeding, thereby preventing discharge of the Award under Section 523.  The Court disagrees.

As an initial matter, "a clear factual or legal finding in [a] prepetition judgment" is needed to establish collateral estoppel.  See In re Wisell, 494 B.R. 23, 29 (E.D.N.Y Bankr. 2011); In re Kuncman, 454 B.R. 276, 284 (E.D.N.Y. Bankr. 2011).  In their briefs, Appellants readily concede that the Award contains no such finding—legal or factual—regarding fraud.  (Appellants' Br. at 15.)  Instead, Appellants insist that "the awarding of treble damages" equates to a "finding of common law fraud" thereby "meeting the necessary elements under Section 523." (R. 5.)

However, the trebling of damages is not a legal conclusion that necessitates a finding of fraud.  As the Bankruptcy Court noted, the sections of the VCPA cited by Appellants list over sixty separate "prohibited practices," some of which do not require fraud, fraud in the inducement, false pretense, and/or misrepresentation.  (R. 263-264.)  The Award itself only states that the damages

5

were trebled "pursuant to Code of Virginia section 59.1-204" (R. 102.)  This section provides, in relevant part, that "[i]f the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained or $l,000.00 whichever is greater."  Va. Code Ann. § 59.1-204(A).

Importantly, Appellants never set out a fraud claim in the arbitration.  While Appellants' arbitration brief contained a section titled, "fraud and deception," based on Appellee's alleged violation of the Virginia Retail Franchising Act, Va. Ann. Code § 13.1-559, Appellants expressly disclaimed seeking adjudication under that statute.  (See R. 159, "Claimants are not seeking adjudication of any violation of the Retail Franchise Act committed by Respondents.")  To be sure, "[c]ollateral estoppel under New York law requires clarity; to be precluded an issue must have been necessarily decided and actually determined."  Sarasota CCM, Inc. v. Kuncman, 466 B.R. 590, 595 (E.D.N.Y. 2012) (internal citations and quotations omitted).  Further, given Appellants only asserted breach of contract claims in the arbitration, it logically flows that the trebling of damages was likely based on a willful breach of contract.  This is of course not the same as a legal finding of fraud. Accordingly, without clear language in the Award, it cannot be said that the arbitrator "decided and actually determined" that Appellee had engaged in fraud.  The Court agrees with the Bankruptcy Court that Appellants have failed to establish that collateral estoppel applies to the Award.

Second, the Court agrees with the Bankruptcy Court's determination that Appellants failed to establish the elements of Section 523(a)(2)(A) necessary to prevent discharge of their claim.

A prima facie showing under Section 523 requires a creditor to establish that (1) the debtor made a false representation, (2) that the debtor knew was false, (3) the debtor made the representation with the intent to deceive the creditor, and (4) the creditor justifiably relied on, and

6

was damaged by, the false representation. Sarasota CCM, Inc. v. Kuncman, 466 B.R. 590, 595 (E.D.N.Y. 2012) (quoting In re Gonzalez, 241 B.R. 67, 71–72 (Bankr. S.D.N.Y. 1999)); see also In re Owens, 2005 WL 387258, at *1–2 (Bankr. S.D.N.Y. Feb. 17, 2005). The creditor bears the burden of proving these elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 284(1991).

For the reasons set out in the Bankruptcy Court's Decision, Appellants' cursory references to "fraud and deception" in their arbitration pleadings are insufficient to state a cause of action under Section 523. A review of the record indicates that Appellants' arbitration pleadings were in-fact breach of contract claims. See Scheidelman v. Henderson (In re Henderson), 423 B.R. 598, 621 (Bankr. N.D.N.Y. 2010) ("[D]ebts and liabilities based solely upon a breach of contract are not excepted from discharge [].").

Specifically, Appellants' Notice of Demand accused Appellee of violating the parties' operating agreement. While the Notice of Demand also stated an intention to seek adjudication of claims of fraud based on alleged misrepresentations, Appellants' subsequent arbitration pleadings failed to do so. Rather, Appellants, actually disclaimed seeking adjudication for these very claims of alleged misrepresentations. The remainder of Appellants' submissions make no other factual allegations of fraud that would allow the Court to find a claim has been plead under Section 523(a)(2)(A).

The Court has considered Appellants' remaining arguments and finds them without merit. In re DeMartino, No. 09-40443, 2014 WL 1572580, at *10 (E.D.N.Y. Apr. 17, 2014) (citing Freeman v. Journal Register Co., 452 B.R. 367, 369 (Bankr. S.D.N.Y. 2010) ("The [district court] may affirm on any ground that finds support in the record, and need not limit its review to the

7

bases raised or relied upon in the decisions below."). Accordingly, the Court affirms the Bankruptcy Court's Decision.

### III.  CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is AFFIRMED in its entirety and Appellants' appeal is DISMISSED. The Clerk of the Court is respectfully directed to mail Debtor a copy of this Order and to mark this appeal closed.

**SO, ORDERED.**

Dated: July 7, 2022
Central Islip, New York

        /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE